In re **NORTHWEST RECREATIONAL ACTIVITIES, INC.,** d/b/a Chattahoochee Plantation Club, Debtor.

In re **ROBMAC, INC.,** d/b/a Chattahoochee Plantation Club, Debtor.

**Bankruptcy Nos. 79–2976, 79–2977.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Jan. 29, 1980.

See also, Bkrtcy., 8 B.R. 1; Bkrtcy., 8 B.R. 5, and Bkrtcy., 8 B.R. 10.

David Pollard, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for debtor.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The Cobb County Department of Revenue Collections (hereinafter "Cobb County") supplies water and sewerage service to ROBMAC, Inc., d/b/a Chattahoochee Plantation Club, the operating entity which, on October 1, 1979, filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.). Pursuant to 11 U.S.C. § 366, the above-named debtors filed a "Request for Section 366 Hearing", by which the debtors requested that they not be required to pay any deposits to Cobb County as a condition to the continued supply of water to the debtors' place of business.

To support their contention that they should not be required to pay any deposit to Cobb County, debtors cite the Minutes of the Reconvened Meeting of the Board of Commissioners of Cobb County, which were approved on August 23, 1979. The language of said Minutes, upon which Cobb County relies in justifying its demand for a deposit, is as follows:

> "A new or additional deposit will be required at the time water service is restored for all customers whose service was discontinued for nonpayment, and who do not have a current deposit amount on record."

Debtors argue that, since at the time of the filing of their Chapter 11 petitions the water and sewerage service had not been disconnected for non-payment, the Minutes of the Reconvened Meeting of the Board of Commissioners of Cobb County did not apply to the debtors. Therefore, argue the debtors, since Cobb County had not demanded or received any amounts representing deposits, nor, indeed, could they have so demanded pursuant to their own regulations prior to the filing of the Chapter 11 petitions, then they should not be required

to pay any amount whatsoever as a deposit to Cobb County.

## ISSUES PRESENTED

Two issues are presented. First, was the proper procedure used by the debtors to request a hearing on this matter? Secondly, may this Court require a security deposit where Cobb County's own regulations do not so provide under the present factual circumstances?

Section 366(b) of the Bankruptcy Code states:

"§ 366. Utility Service.

.    .    .    .    .

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of deposits or other security, for service after such date. On request of a party in interest and after notice and hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment."

■ First of all, with respect to the status of Cobb County, this Court finds that the entity acts in the same role as a "public utility", as that term is used in section 366. Therefore, said section of the Bankruptcy Code applies to Cobb County in its role in providing water and sewerage service to the debtors.

■ The discussion of the requirements of section 366(b) and this Court's interpretation thereof are contained in a previous Order of this Court pertaining to Georgia Power Company's request for a deposit. That discussion applies equally to the present case. In essence, the Court deems that the request referred to in section 366 does not require that a party file an adversary proceeding described in Rule 701 and covered by Part VII of the Bankruptcy Rules, but is rather a contested matter covered by Bankruptcy Rules 914 and 901(9) and the motion procedure of the Local Rules of this Court. The request is considered here to be a motion.

■ Although the request served upon Cobb County was not made by the debtors in the present case within twenty days of the Order for relief, the debtors did so soon after Cobb County requested a deposit and prior to any action by Cobb County, and the Court finds that such request cannot be said to be untimely made or improper.

■ With respect to the second issue, namely the authority of Cobb County to request payment as security for further service to the debtors, this Court notes that, in reviewing the language contained in the Minutes of the Reconvened Meeting of the Board of Commissioners approved on August 23, 1979, it appears that the debtors' point is well taken that said Minutes do not apply to the debtors. In other words, since at the time of the filing of the Chapter 11 petitions the water and sewerage service had not been disconnected for non-payment, Cobb County cannot now require a deposit from the debtors pursuant to any authority given to it under its own regulations. Therefore, this case is distinguishable from that of Georgia Power Company, whose own regulations as approved by the State's Public Service Commission provided for deposits in a certain amount to provide security for the utility.

Despite the apparent infirmity in the regulations of Cobb County, this Court holds that the debtors may be required to furnish adequate assurance of payment to a county utility *regardless* of whether such utility may otherwise, under applicable regulation or state law, obtain such assurance. This Court finds nothing in section 366 of the Bankruptcy Code which would limit this Court's power to acquire adequate assurance of payment *only* where state regulation or law so provides. Consequently, this Court concludes that it may make an independent determination of what amount would constitute "adequate assurance of payment" to this county utility so as to comply with the requirements of section 366(b).

■ In the instant case, the debtors are current in charges due Cobb County since

the date of the filing of the Chapter 11 case. The Court has been informed by counsel for the debtors that an agreement has been reached between the debtors and Cobb County as to an amount which would be deemed sufficient by Cobb County to provide adequate assurance of payment. Said amount approximates a one-month billing to the debtors for services rendered, to wit: $400.00. It is, therefore,

### CONSIDERED, ORDERED AND DECREED that:

(a) Debtors shall continue to keep current bills paid promptly as they become due;

(b) Debtors shall establish a security deposit in the amount of $400.00 to Cobb County, by the regular payment of equal amounts on a daily or weekly basis until said $400.00 security deposit is accumulated on or before March 10, 1980. When said amount is paid it shall constitute a security deposit and adequate assurance of payment for future charges for water and sewerage service in compliance with section 366(b) of the Bankruptcy Code; and

(c) If said payment of $400.00 adequate assurance is not remitted on or before March 10, 1980, any motion of Cobb County to enforce this Order may be heard by this Court within three days of filing and service of such motion upon the debtors.